Filed 9/23/24  P. v. Nakooka CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHARLES NAKOOKA,<br><br>    Defendant and Appellant. | C099612<br><br>(Super. Ct. Nos. STKCRFE20040006884 & SF091043A ) |

Appointed counsel for defendant Charles Nakooka asks this court to review the record from his postjudgment order and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We exercise our discretion to do so but find no arguable error that would result in a disposition more favorable to defendant.  We affirm.

BACKGROUND

In 2004, defendant pled guilty to voluntary manslaughter and attempted murder.  He admitted to using a gun during these offenses and to committing the voluntary

1

manslaughter for the benefit of a street gang.  The trial court sentenced defendant to 28 years 8 months in prison.

In 2022, defendant filed a petition for resentencing under Penal Code section formerly 1170.95 (now section 1172.6).  (See *People v. Reyes* (2023) 14 Cal.5th 981, 984.)  The trial court appointed counsel, received briefing, and issued an order to show cause.

At the evidentiary hearing, over defendant's objection, the trial court considered the preliminary hearing transcript as well as the parole transcript, both submitted by the prosecutor.  The transcripts showed that during the early evening of February 7, 2004, witnesses saw a fight between some young men.  One of those young men fired shots at the victim.  Two of the witnesses identified defendant as the shooter.  At his parole hearing, defendant acknowledged he shot the victim but said it was in self-defense.

The trial court concluded the evidence showed beyond a reasonable doubt that defendant was the actual killer.  The court thus found defendant was not eligible for relief and denied the petition.

Defendant filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed and has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no errors that would result in a disposition more favorable to defendant.

## DISPOSITION

The order denying defendant's petition for resentencing under Penal Code section 1172.6 is affirmed.

/s/
MESIWALA, J.

We concur:

/s/
MAURO, Acting P. J.

/s/
KRAUSE, J.